# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTOINE HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:19-CV-204 SRC |
| | ) |
| SCOTT COUNTY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Antoine Harris for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $51.48. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this action as frivolous, failing to state a claim upon which relief can be granted, and for seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, plaintiff states that he receives $7.50 a month in state tip, but otherwise he has no sources of income and has received no money in the past twelve months. ECF No. 2. However, on December 4, 2019, plaintiff filed a certified inmate account statement with the Court that shows he deposited a monthly average of $257.40 in gifts and payroll tips into his prison account over an approximate two-and-one-half month period. ECF No. 7. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $51.48, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the

complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint

*Pro se* plaintiff Antoine Harris (Missouri inmate no. 1036347),[1] currently incarcerated at South Central Correctional Center ("SCCC"), brings this action under 42 U.S.C. § 1983. Plaintiff alleges violations of his civil rights stemming from criminal charges in Scott County, Missouri.[2]

It is unclear exactly who plaintiff intends to name as defendants in this matter. In the caption of his complaint, plaintiff names defendant "Scott County 'et al.'" ECF No. 1 at 1. In the 'Defendant(s)' section of the complaint, plaintiff lists "Scott County et al." as both defendants 1 and 2. *Id.* at 2-3. Plaintiff's 'Statement of Claim' consists of a series of paragraphs which all begin substantially the same way:

> Defendants Scott County severly "County" and held [sic] establish municipal liability for all employees and coworkers and government employees working inside Scott County …

---

[1] Plaintiff's filings in this matter list two different Missouri inmate registration numbers: 1036367 and 1036347. *See* ECF Nos. 1 at 1, 1-2 at 1, 4 at 3, 7 at 1, 8 at 1. A review of the Missouri Department of Corrections online offender database reveals that plaintiff Antoine Harris is registered as inmate number 1036347.

[2] Although plaintiff is currently confined at SCCC in Texas County, Missouri, which is located in the Western District of Missouri, the allegations of his complaint concern his detention in Scott County, Missouri which is located in this district. *See* 28 U.S.C. § 105(a)(3), 105(b)(5). As a result, venue is proper here under 28 U.S.C. § 1391(b).

*Id.* at 4-10.  The only people named specifically by plaintiff are the Honorable David A. Dolan, Circuit Court Judge in Scott County, and former Scott County prosecuting attorney Paul Boyd.  *Id.* at 5, 6, 8, 14.

Plaintiff's complaint consists of a series of conclusory legal accusations and claims including: harassment, slander, false imprisonment, false allegations, discrimination, failure to train and supervise, cruel and unusual punishment, deliberate indifference, denial of due process rights, and negligence.  ECF No. 1 at 4-11.  Plaintiff claims these violations occurred over the approximate period of "12/21/2015 to 8/18/2016 or more."  *Id.* at 11.  However, plaintiff provides little to no factual support for any of these allegations.

Plaintiff asserts that defendant is using "false allegation[s] to hold plaintiff" with "no evidence."  *Id.* at 6.  He also states that he has suffered from "false imprisonment also false allegation been on him since approximate date 12/19/2015 with no proper evidence or video surveillance show[ing] he was the person who [committed the] 'shooting of Samuel Sanders.'"  *Id.* at 7.  Plaintiff cites case number 15SO-CR01374-01 stating that "Scott County … false imprisonment over 4 years plus wrongfully gave me 57 years on something 'I did not do' or they have no evidence supporting [their] case murder in the first degree."  *Id.* at 11.

Plaintiff filed a declaration with the Court on November 27, 2019, which reiterates the same claims and allegations in his complaint.  *See* ECF No. 4.  Plaintiff again states that he has been "severly suffering and severly in pain [for] 4 years or better" and that "Scott County had or holding me Antoine Harris [constituting] false imprisonment … without any proper evidence."  *Id.* at 2.  In addition, plaintiff declares: "I am innocent" of this "false murder case."  *Id.*

Finally, on December 2, 2019, plaintiff filed a document titled "Motion for Memorandum and Order" with 150 pages of "evidence" attached. ECF No. 6. Plaintiff alleges that this "evidence" shows that he is "innocent on murder case." *Id.* at 3. The attached "evidence" appears to all relate to his Missouri state criminal case, *State v. Antoine Harris-Applewhite*, No. 15SO-CR01374-01. *See* ECF No. 6-1. Some of the documents attached were actually filed in that state case, while other documents appear to be newspaper articles discussing the case. Judge David Dolan and prosecuting attorney Paul Boyd are both mentioned. *Id.* at 31, 45, 47, 81, 83, 120.

For relief, plaintiff seeks both actual and punitive damages – each in the amount of $256 million. *Id.* at 12.

## Background[3]

A review of Court records shows that plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 26, 2019, in this Court. *Harris v. Payne*, No. 4:19-CV-3409-RWS, ECF No. 1 (E.D. Mo). According to filings in that case, plaintiff (Missouri inmate no. 1036347) was convicted by a Missouri jury on July 23, 2019, of: murder in the second degree, armed criminal action, unlawful use of a weapon, and unlawful possession of a firearm. Plaintiff was sentenced on September 3, 2019, in Scott County Circuit Court to a total of fifty (50) years' imprisonment in the Missouri Department of Corrections. *State v. Harris*, No. 15SO-CR01374-01 (33rd Judicial Circuit, Scott County Court). In his §2254 petition, plaintiff alleged that his sixth amendment rights were violated during his state court trial when the trial court allowed the testimony of "false witnesses." Plaintiff also stated that his due process rights were denied during the trial.

---

[3] The Court takes judicial notice of its records regarding this related civil proceeding. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)).

Plaintiff informed the court in his § 2254 petition that his direct appeal of his criminal conviction is currently pending in the Missouri Southern District Court of Appeals, *Harris v. State*, No. SD36298. After issuing a show cause order, the Court dismissed plaintiff's § 2254 petition for failure to exhaust available state remedies before bringing his claim to this Court. *Harris v. Payne*, No. 4:19-CV-3409-RWS, ECF Nos. 8, 9.

**Discussion**

Plaintiff's §1983 complaint is subject to dismissal as frivolous, failing to state a claim upon which relief can be granted, and for seeking monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff alleges "legal conclusions" and cites legal cases, but he provides no factual support from which the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff fails to assert a cognizable municipal liability claim against Scott County. In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, "policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."

*Corwin v. City of Indep., Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). Alternatively, in order to establish a claim of liability based on "custom," the plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, to demonstrate deliberate indifference for purposes of failure to train, the plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff alleges no policy or custom of Scott County that would support a theory of municipal liability under *Monell*. Plaintiff makes conclusory allegations of the County's failure to train and supervise its employees, but plaintiff provides no specific facts and fails to point to any pattern of such conduct by Scott County employees. As a result, plaintiff fails to state a valid § 1983 claim against defendant Scott County.

To the extent plaintiff attempts to bring § 1983 claims against Judge David Dolan and prosecutor Paul Boyd, immunity bars these claims. Plaintiff's allegations against Judge Dolan are based on alleged wrongdoings by Dolan while performing his judicial duties in plaintiff's state court proceedings. Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Here, plaintiff alleges no

facts of Judge Dolan acting outside his judicial capacity or without jurisdiction. All of Judge Dolan's allegedly unlawful actions were judicial in nature. Further, Judge Dolan, acting as a judge in the 33rd Judicial Circuit Court, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V, § 14. Because Judge Dolan acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to plaintiff's claims against him. To the extent plaintiff is attempting to state a § 1983 claim against Judge Dolan, such claim is subject to dismissal for seeking monetary relief against a defendant who is immune from such relief.

Plaintiff also names prosecuting attorney Paul Boyd and claims that he committed wrongdoing when performing his duties in plaintiff's judicial proceedings. Absolute immunity also protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). To the extent plaintiff is attempting to state a § 1983 claim against prosecutor Paul Boyd, such claim is subject to dismissal for seeking monetary relief against a defendant who is immune from such relief.[4]

---

[4] To the extent plaintiff is attempting to name additional defendants as indicated by his use of "et al." in naming "Scott County et al." as defendant, such claims are subject to dismissal for failure to state a claim. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the

Finally, the Court recognizes that plaintiff's allegations sound more like the type of claims properly brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by plaintiff to see what type of action he is seeking. If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, plaintiff seeks money damages (not based on his conditions of confinement) but he also professes his innocence on the state murder charge for which he is incarcerated. Regardless, allowing plaintiff to amend his complaint to seek relief under 28 U.S.C. § 2254 would be futile since plaintiff already filed a § 2254 case, approximately one month after filing this case, based on the same Missouri criminal prosecution discussed herein. That case has been dismissed by this Court for failure to exhaust state remedies. *See Harris v. Payne*, No. 4:19-CV-3409-RWS, ECF Nos. 8, 9 (E.D. Mo filed Dec. 26, 2019).

---

defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Based on the reasons stated above, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous, failing to state a claim upon which relief can be granted, and for seeking monetary relief against defendants who are immune from such relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $51.48 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any defendant because the complaint is legally frivolous, fail to state a claim upon which relief can be granted, and seeks relief from defendants who are immune from such relief. Plaintiff's claims are **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of February, 2020.

*SL R. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE